Filed 7/3/14  P. v. De La Cruz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR DE LA CRUZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B253255<br>(Super. Ct. No. BA267219)<br>(Los Angeles County) |

Victor De La Cruz was convicted of second degree murder (Pen. Code, §§ 187, subd. (a), 189),[1] with enhancements for personally discharging a handgun causing death (§ 12022.53, subds. (b)-(d)) and committing the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)).  The trial court sentenced him to 40 years to life in state prison.  At issue here, the court imposed a restitution fine of $10,000 (§ 1202.4, subd. (b)) and, pursuant to De La Cruz's stipulation, victim restitution in the amount of $5,409 to the decedent's mother for funeral and burial expenses (*id.* at subd. (f)).  De La Cruz did not object to either the victim restitution or the restitution fine when they were imposed or on appeal.  We affirmed the trial court's judgment in an unpublished opinion.  (*People v. De La Cruz* (July 20, 2006, B182725).)

---

[1] All statutory references are to the Penal Code.

In 2012, De La Cruz moved the trial court to modify his sentence. He sought to reduce the restitution fine from $10,000, the statutory maximum, to $200, the statutory minimum. The court denied the motion. More than a year later, De La Cruz moved the trial court to strike both the restitution fine and the victim restitution. The court denied that motion as well. De La Cruz appeals the trial court's orders denying relief from the victim restitution and the restitution fine.

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On April 7, 2014, we notified De La Cruz that he had 30 days in which to advise us of any claims he wished us to consider. No response has been received. However, on June 20, 2014, De La Cruz requested that we relieve his counsel from representing him.

We have reviewed the entire record and are satisfied that De La Cruz's attorney has fully complied with her responsibilities and that no arguable issues exist.[2] (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.) We deny De La Cruz's request to relieve counsel as moot.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

---

[2] In passing, the trial court opined that De La Cruz's "family [should not] be paying his fine for him." Although not relevant to De La Cruz's appeal, we note that whether and to what extent De La Cruz's family provides him with financial assistance is a matter solely between De La Cruz and his family. It is beyond the scope of judicial review.

Anne H. Egerton, Judge

Superior Court County of Los Angeles

_____

California Appellate Project, Jonathan B. Steiner and Jill Ishida, under appointment by the Court of Appeal; Victor De La Cruz, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.